IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMPDEN REAL ESTATE, INC. ET AL., : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | NO. 02-1160 |
| METROPOLITAN MANAGEMENT GROUP, : | |
| INC. : | |
| Defendant : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                            **March 16, 2006**

**I.     Introduction**

Presently before this Court are the parties' renewed cross-motions for summary judgment, as well as Plaintiffs' motion in limine. For the reasons set forth below, both parties' motions will be denied.

**II.    Background**

        **A.    Allegations in the Complaint**

After this court granted partial summary judgment in favor of Plaintiffs on December 30, 2003 ("the December Order"), this contract dispute is again before this Court following reversal and remand from the Third Circuit. The procedural history of this case, and the factual allegations and legal claims set forth in the complaint, are described in detail in the December Order. See Hampden Real Estate, Inc. v. Metropolitan Mgmt. Group, Inc., 2003 WL 23206072 (E.D. Pa. Dec. 30, 2003) ("Hampden I"), rev'd 2005 WL 1842116, *2-3 (3d Cir. Aug. 4, 2005)

("Hampden II"). However, we will provide a brief recitation of the facts.

Plaintiffs Hampden Real Estate, Inc., Jagdish Bansal, Ashok Luhadia, Indu Garg, and Anil Gupta, trading as Hampden Enterprises, L.P. (collectively, "Plaintiffs") sold Defendants Metropolitan Management Group, Inc., Skyline Apartments, LLC and Kevin Timochenko, Metropolitan's Chief Executive Officer (collectively "Defendants") a residential property pursuant to an Amended Agreement of Sale ("Agreement of Sale"), executed September 24, 2001. The Agreement of Sale provided that the property would cost $3.7 million, that Defendants would assume Plaintiffs' mortgage on the building, and that Plaintiff would receive the amount being held in escrow pursuant to Plaintiffs' existing loan, which was $120.549.78 (the "Escrow Credit").

Between the execution of the Agreement of Sale and the closing on November 28, 2001, the parties negotiated certain adjustments to the purchase price to compensate for repairs required on the property. During these negotiations, both parties and their counsel viewed a draft and final version of a HUD-1 Settlement Statement (the "Settlement Statement"), prepared by the closing agent, that did not mention the Escrow Credit among its itemization of the credits and debits. A few weeks after closing, Plaintiffs demanded the Escrow Credit and Defendants refused, leading to the filing of this Complaint on March 6, 2002.

### B. Procedural Background

In 2003, Plaintiffs filed their first Motion for Partial Summary Judgment as to breach of contract, in response to which Defendants filed a Cross-Motion for Summary Judgment (the "2003 Motions"). In the December Order, we granted partial summary judgment on behalf of Plaintiffs, holding that the Settlement Statement was not a contract modification, and refusing to

consider parol evidence to determine the intent of the parties given that the original Agreement of Sale was unambiguous on its face.  Hampden I, 2003 WL 23206072, at *5 (E.D. Pa. Dec. 30, 2003).  After a timely appeal by Defendants, the Third Circuit reversed and remanded.  The Circuit Court held that "the parol evidence rule does not preclude testimony regarding the parties intention to alter the final purchase price by executing a Settlement Statement" and that there was sufficient "evidence in the record to raise a genuine issue of material fact as to whether the parties intended [the Settlement Statement] to . . . modify the Sale Agreement."  Hampden II, 2005 WL 1842116 at *2-3.  On remand, Plaintiffs immediately filed for a motion to re-open discovery for the purposes of conducting CEO Timochenko's deposition, which we granted.  Mr. Timochenko's deposition was taken on January 13, 2006, after which Defendant Metropolitan Management filed a renewed Motion for Summary Judgment on January 26, 2006 (Doc. No. 69).  Plaintiffs filed a Response, renewed Cross-Motion for Summary Judgment and/or Motion in Limine on February 7, 2006 (Doc. No. 72) and a Supplemental Brief on February 24, 2006.  Defendant replied on March 3, 2006 (Doc. No. 75).

**III.    Jurisdiction and Legal Standard**

    **A.    Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are residents of different states and the amount in controversy exceeds $75,000.

Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

    **B.    Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.  Further, under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

When faced with a Motion in Limine, the trial judge must determine the admissibility of evidence before it has been offered, either prior to or during trial.  Delpopolo v. Nemetz, 710 A.2d 92, 94 (Pa. Super. 1990).  The court should admit all relevant evidence unless a specific rule bars its admission.  Birth Center v. St. Paul Cos., Inc., 727 A.2d 1144, 1163 (Pa. Super. 1999).  Evidence is "relevant" is it tends to make a fact at issue more or less probable.  Shiner v. Moriarty, 706 A.2d 1228, 1235 (Pa. Super. 1998).

**IV.     Contentions**

Defendants maintain, as they did in their 2003 motion, that the Escrow Credit was negotiated away between the Agreement of Sale and the closing as compensation for the insufficiencies in the property. (Def.'s Mot. Summ. J. at 1).  They contend that the final HUD-1 Settlement Statement, absent the Escrow Credit, memorialized the subsequent modification of the Agreement of Sale and reflected the parties *mutual* understanding of the final terms of the deal. Id. at 5.  On remand from the Third Circuit, they argue that this court is entitled to consider parol evidence to determine the parties' intent.  Id.  Plaintiffs contend that the Escrow Credit was

included in the Agreement of Sale and that this contract was never modified. (Pl.'s Mot. Summ. J. at 4). Plaintiffs claim that Mr. Timenchenko's own deposition confirmed that there was no discussion of omitting the Escrow Credit in the course of negotiations. Id. at 2, 4, 13-24. Thus, they argue that evidence of the alleged revisions is precluded by the parol evidence rule and may not be considered. Id. at 13-24. Next, Plaintiffs contend that the Pennsylvania Statute of Frauds applies to bar consideration of the alleged oral modification of the written Agreement of Sale. Id. at 24-26. Finally, in the alternative, Plaintiffs request this Court grant a Motion in Limine to preclude Defendants' testimony at trial regarding modification to the written Agreement of Sale because it is inadmissible parol evidence and because it would violate the Statute of Frauds. Id. at 1, 11. Defendant replies that the Third Circuit already determined that oral testimony of modification was relevant and not barred by the parol evidence rule and, given that the Settlement Statement is both *written* and the contract fully performed, Plaintiffs' reliance on the Statute of Frauds is misplaced. (Def.'s Reply at 5).

## V.      Discussion

The Court finds that summary judgment in this case is not appropriate. First, the Statute of Frauds, which requires that all contracts conveying an interest in land be signed and in writing, would only serve to exclude evidence that is *not* in writing. Brown v. Aiken, 198 A. 441, 448 (Pa. 1938). Pursuant to settled Third Circuit and Pennsylvania Supreme Court caselaw, the statute of frauds is "always . . . satisfied [by] 'some note or memorandum' that is adequate . . . to convince the court that there is no serious possibility of consummating fraud by enforcement." Flight Sys., Inc. v. Electronic Data Sys., 112 F.3d 124, 128 (3d Cir. 1997) (quoting In re Estate of Beeruk, 241 A.2d 755, 758 (Pa. 1968). As Defendant points out, the Final Settlement Statement,

which purportedly embodies the final terms of the transaction is in writing, and it identifies the property sold, the parties to the transaction and the final amount to be paid for the property. Flight Sys., 112 F.3d at 128. The only relevant oral testimony is that which goes to show the *intent* of the parties to subsequently modify the Agreement of Sale, but the Defendant is not arguing that the oral testimony *itself* modifies the contract. Thus, the Court agrees with Defendant that the Statute of Frauds is inapposite.[1] Moreover, regarding the issue of parol evidence, we regard the Third Circuit's decision as dispositive on this issue. The Third Circuit explicitly held that the "parol evidence rule *does not preclude testimony* regarding the parties intention to alter the final purchase by executing a Settlement Statement . . . which omitted the Escrow . . . Credit." Hampden II, 2005 WL 1842116 at *2 (emphasis added). In view of this clear opinion, we must conclude that the parol evidence, that we previously found to be inadmissible, may be considered. Thus, considering the Settlement Statement itself, as well as the deposition testimony of CEO Timonchenko that prior to closing the parties were negotiating the total, final "number [he] was willing to pay for the property," Timenchenko Dep., Ex. E at 24, we hold that several material facts are in dispute. The parties draw very different inferences and conclusions from the depositions, and thus a trial is necessary. These disputes include:

    1.    Whether there was a meeting of the minds between the parties as to whether they intended that the Escrow Credit be deleted from the final contract as a concession

---

[1]Further, we agree with Defendant that the Statute of Frauds does not apply to agreements which have been completely executed and performed by both sides, and thus is likely also inapplicable for this reason here. Gerlock v. Gabelu, 112 A.3d 78, 81 (Pa. 1955). However, as Plaintiffs' interpretation of the Agreement of Sale requires payment of the Escrow Payment, which of course was never performed, we anticipate that there would be a dispute as to whether the contract was completely performed by both sides. Thus, in view of our conclusion that the alleged modification was reduced to writing, we rest our holding regarding the Statute of Frauds on that, and find it unnecessary to reach the "completely performed" issue.

    for problems with the property;

  2. Whether, and to what degree, the parties intended to orally modify the Agreement of Sale;

  3. Whether, and to what degree, the written Settlement Statement was intended to modify the prior written Agreement of Sale; and

  4. If a mistake was made, whether it was a mutual or unilateral one.

Therefore, summary judgment is not appropriate. Similarly, because: (1) evidence that the parties modified the sale agreement is certainly relevant (in fact, it is the heart of this case), (2) the Third Circuit conclusively held that parol evidence regarding the parties intention to alter the final purchase by executing a Settlement Statement which omitted the Escrow Credit is admissible, and (3) we concluded that the Statute of Frauds is satisfied, Plaintiffs' Motion in Limine must also be denied.

## VI. Conclusion

  Defendant Metropolitan Management's renewed Motion for Summary Judgment (Doc. No. 69) will be denied, as will Plaintiffs' renewed Cross-Motion for Summary Judgment and/or Motion in Limine (Doc. No. 72).[2]

  An appropriate Order follows.

O:\CIVIL\02-1160 Hampden v. Metropolitan\Hampden 2nd SJ Memo 2006.03.16.wpd

---

  [2]We note that technically, both parties "renewed" their original motions for summary judgment. In the original briefings, Plaintiffs moved for summary judgment only on the issue of breach of contract and Defendant moved for summary judgment against Plaintiffs on all of Plaintiffs' counts. This time, the parties did not specifically note which claims on which they sought summary judgment. That said, both parties argue the breach of contract claim in depth. However, as was the case in Hampden I, neither party in their renewed motions have addressed counts two though six. Therefore, granting Defendant's Motion for Summary Judgment as to these counts is also premature.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAMPDEN REAL ESTATE, INC. ET AL., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 02-1160 |
| METROPOLITAN MANAGEMENT GROUP, | : | |
| INC. | : | |
| Defendant | : | |

# ORDER

AND NOW, this        day of March 2006, based on the foregoing memorandum and upon consideration of the pleadings and briefs, it is hereby ORDERED that Defendant Metropolitan Management's renewed Motion for Summary Judgment (Doc. No. 69) and Plaintiffs' renewed Cross-Motion for Summary Judgment and/or Motion in Limine (Doc. No. 72) is DENIED.

BY THE COURT:

/s/ Michael M. Baylson

MICHAEL M. BAYLSON, U.S.D.J.