**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAMPDEN REAL ESTATE, INC. ET AL., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 02-1160 |
| METROPOLITAN MANAGEMENT GROUP, | : | |
| INC. | : | |
| Defendant | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                   **August 22, 2006**

**I.      Introduction**

Presently before this Court is Plaintiffs Hampden Real Estate, Inc., Jagdish Bansal,

Ashok Luhadia, Indu Garg, and Anil Gupta, trading as Hampden Enterprises, L.P. (collectively,

"Plaintiffs")'s Motion for Post-trial Relief.  For the reasons set forth below, the motion will be

denied.


**II.      Background**

The procedural history of this contract dispute, and the factual allegations and legal

claims set forth in the complaint, are described in detail in previous memorandum regarding this

case.  See, e.g. Hampden Real Estate, Inc. v. Metropolitan Mgmt. Group, Inc., 2003 WL

23206072 (E.D. Pa. Dec. 30, 2003) ("Hampden I"), rev'd  2005 WL 1842116, *2-3 (3d Cir. Aug.

4, 2005) ("Hampden II").  However, we will provide a brief recitation of the facts.

Plaintiffs sold Defendants Metropolitan Management Group, Inc., Skyline Apartments,

LLC and Kevin Timochenko, Metropolitan's Chief Executive Officer (collectively "Defendants") a residential property pursuant to an Amended Agreement of Sale ("Agreement of Sale"), executed September 24, 2001.  The Agreement of Sale provided that the property would cost $3.7 million, that Defendants would assume Plaintiffs' mortgage on the building, and that Plaintiff would receive the amount being held in escrow pursuant to Plaintiffs' existing loan, which was $120.549.78 (the "Escrow Credit").

Between the execution of the Agreement of Sale and the closing on November 28, 2001, the parties negotiated certain adjustments to the purchase price to compensate for repairs required on the property.  During these negotiations, both parties and their counsel viewed a draft and final version of a HUD-1 Settlement Statement (the "Settlement Statement"), prepared by the closing agent.  This Settlement Statement did not show the Escrow Credit among the itemization of the credits and debits.  A few weeks after closing, Plaintiffs demanded the Escrow Credit and Defendants refused, asserting that the credit had been negotiated out of the final sale price.  This dispute lead to the filing of this Complaint on March 6, 2002.

## B.    Procedural Background

In 2003, Plaintiffs filed their first Motion for Partial Summary Judgment as to breach of contract, in response to which Defendants filed a Cross-Motion for Summary Judgment.  On December 30, 2003 (Doc. No. 25), we granted partial summary judgment on behalf of Plaintiffs, holding that the Settlement Statement was not a contract modification, and refusing to consider parol evidence to determine the intent of the parties given that the original Agreement of Sale was unambiguous on its face.  Hampden I, 2003 WL 23206072, at *5 (E.D. Pa. Dec. 30, 2003). After a timely appeal by Defendants, the Third Circuit reversed and remanded.  The Circuit Court

held that "the parol evidence rule does not preclude testimony regarding the parties intention to alter the final purchase price by executing a Settlement Statement" and that there was sufficient "evidence in the record to raise a genuine issue of material fact as to whether the parties intended [the Settlement Statement] to . . . modify the Sale Agreement." Hampden II, 2005 WL 1842116 at *2-3.  After additional discovery, Defendants filed a renewed Motion for Summary Judgment on January 26, 2006 (Doc. No. 69), and Plaintiffs filed Plaintiffs' Renewed Cross-Motion for Summary Judgment and/or Motion in Limine (Doc. No. 72).  On March 16, 2006, this Court denied both motions, allowing the case to proceed to trial (Doc. No. 76).  Hampden Real Estate, Inc. v. Metro. Mgmt. Group, 2006 WL 709804 (E.D. Pa. Mar. 16, 2006) ("Hampden III").

The case was tried before a jury from April 18, 2006 through April 20, 2006, after which the jury returned a verdict in favor of Defendants.  This verdict was set forth on jury interrogatories given to the jury after discussion with counsel on the record.  On May 1, 2006, Plaintiffs filed this Motion for Post-Trial Relief, but an accompanying memorandum of law was not filed until July 31, 2006.   Defendants responded to the motion on May 12, 2006 (Doc. No. 99), and to the memorandum on August 14, 2006 (Doc. No. 103), completing the briefing in this matter.

**III.    Discussion**

In their motion, Plaintiffs' request a new trial or judgment not withstanding the verdict ("JNOV"), based on three allegations of error: (1) the Court's evidentiary and pre-trial rulings regarding introduction of evidence were improper, (2) the interrogatories submitted to the jury were confusing and misleading, and led to an improper verdict against Plaintiffs, and (3) the

verdict was against the weight of the evidence.  (Pl.'s Memo. at 5-6).  The Court will address each in turn.

    **A.    The Court's evidentiary and pre-trial rulings**

Plaintiffs argue that the Court's decision denying their Motion in Limine and allowing Kevin Timonchenko, over Plaintiffs' objection, to testify that he engaged in post-execution negotiations to change the written Agreement of Sale was erroneous, as it violated the Parol Evidence Rule ("PER"), the Statute of Frauds ("SOF") and applicable law requiring that an oral modification to a written Agreement of Sale be by "clear, precise and convincing evidence." (Pl.'s Memo. at 5-16).

These issues were raised and decided both before trial in this Court's March 2006 memorandum and order addressing Defendants' Renewed Motion for Summary Judgment and Plaintiff's Renewed Cross-motion for Summary Judgment and/or Motion in Limine.  Hampden III, 2006 WL 709804.  At that time, we held that: (1) the Statute of Frauds would only serve to exclude evidence that is not in writing; here, it does not apply because the Final Settlement Statement was written and was evidence of the final terms of the transaction, Id. at *3, and (2) the  Parol Evidence Rule is inapposite because on appeal from this Court's original summary judgment decision, the Third Circuit explicitly held that the "parol evidence rule *does not preclude testimony* regarding the parties intention to alter the final purchase by executing a Settlement Statement . . . which omitted the Escrow . . . Credit," Id. (citing Hampden II, 2005 WL 1842116 at *2 (emphasis added)).

When Plaintiffs again raised these issues at trial, this Court overruled their objections, citing the Third Circuit's opinion in Hampden II.  In their post-trial motion, Plaintiffs have raised

the issue yet again, but have not pointed to anything new or different that would change the

Court's opinion and require relief.  As we previously held, the Statute of Frauds does not apply to

preclude a written document.  Further, the Third Circuit has spoken clearly on the subject of

Timonchenko's parol evidence, and we must follow their mandate.  The parol evidence rule

precludes only the introduction of contemporaneous or prior declarations to alter the meaning of

written agreements, not (as here) evidence of subsequent modifications.  Hampden II, 2005 WL

1842116 at *2 (citing  Rose v. Food Fair Stores, Inc., 262 A.2d 851, 863 (Pa. 1970) and Kersey

Mfg. Co. v. Rozic, 215 A.2d 323 (Pa. Super 1965)).  Defendant Kevin Timonchenko's testimony

that he engaged in post-execution negotiations to change the written Agreement of Sale

conformed with the Parol Evidence Rule and the Statute of Frauds.

    **B.**    **Interrogatories Submitted to the Jury**

Next, Plaintiffs argue that the interrogatories submitted to the jury were confusing and

misleading, and led to an improper verdict against Plaintiffs. (Pl.'s Memo. at 16-18).

The relevant interrogatories, 1.b (breach) and 1.c (contract modification), provided as

follows:

> 1.b - Did Plaintiffs prove by a preponderance of the evidence that
> Defendants materially breached this contract obligation?
>
> 1.c - Did Defendant clearly and positively show that both parties
> manifested by their words, conduct or actions an intent to modify
> the final payment amount to be that stated in the HUD-1 Final
> Settlement Sheet, which does not include an escrow credit?

The jury answered "no" to question 1.b, thus finding for Defendants.  They did not reach 1.c, the

modification question.

Plaintiffs contend that interrogatory 1.c should have been asked before interrogatory 1.b,

and only if the jury answered "no" as to modification should they have moved onto the question regarding breach.  Plaintiffs submit that the confusing order of the questions misled them as to the burden of proof and caused the jury to return a verdict that was against the weight of the evidence.  (Pl.'s Memo. at 16-18).

Defendants counter that Plaintiffs waived their objections by not asserting these objections at trial in advance of the submission of the jury interrogatories.  Additionally, they argue the verdict sheet clearly and logically set forth the applicable questions and issues for the jury's consideration. (Defts.' Memo at 6-8).

First, as pointed out by Defendants, the use and form of interrogatories is a matter for discretion of the district court.  McNally v. Nationwide Insurance Co., 815 F.2d 254, 266 (3d Cir. 1987).  That said, in this matter, the Court held a charge conference on the record with both counsel to discuss the jury instructions and interrogatories.  At the charge conference, the court read the jury instructions and interrogatories to counsel, giving the parties an opportunity to object on the record, and they did not.  If Plaintiffs' counsel was concerned that the interrogatories 1.b and 1.c as presented were confusing and would lead the jury to come to an erroneous verdict, Defendants properly note that he did not say so.

Federal Rule of Civil Procedure 51 provides that generally, no party may assign as error to jury instructions unless he objects thereto, stating the matter objected to and the grounds of his objection.  F.R. Civ. P. 51.  Rule 51 admits a narrow exception where review is necessary to correct a plain error that would avoid a gross miscarriage of justice.  Id.  The purpose of this rule is to inform trial judge of possible errors so that he may have opportunity to reconsider his charge and, if necessary, to correct it.  Thorp v. American Aviation & General Ins. Co., 212 F.2d 821,

825 n.4 (3d Cir. 1954).  Applying this rule, the Third Circuit has clearly held that failure to object

at the time the jury received  proposed jury instructions or proposed verdict sheet constitutes a

waiver of this objection.  <u>Inter Med. Supplies, Ltd. v. Ebi Med. Sys.</u>, 181 F.3d 446, 463 (3d Cir.

1999) (affirming denial of post-trial motions, as a party who fails to object to interrogatories

prior to presentment to jury waives the right to challenge); <u>Neely v. Club Med Management</u>

<u>Servs.</u>, 63 F.3d 166, 199 (3d Cir. 1995) (holding that defendants, by not objecting to a ruling, or

to the jury charges and verdict sheet implementing it, waived their defense).  Thus, Plaintiffs'

objections are foreclosed because Plaintiffs' counsel did not object to the interrogatories, either

when the instructions and verdict sheet were given to the jury or when the jury returned.

Therefore, the Court can consider the objections now only if they rise to the level of plain error.

     The plain error doctrine authorizes a court to correct only particularly egregious errors.

<u>See</u> <u>Alexander v. Riga</u>, 208 F.3d 419, 427 (3d Cir.2000) (stating court review is appropriate if

failure to consider error would result in a miscarriage of justice).

     The Third Circuit has held that if, as in this case, an objection was not preserved at trial,

review should be exercised sparingly and a verdict will be overturned "only where the error is

fundamental and highly prejudicial or if the instructions are such that the jury is without adequate

guidance on a fundamental question and our failure to consider the error would result in a

miscarriage of justice."  <u>Watson v. SEPTA</u>, 207 F.3d 207, 222 (3d Cir. 2000) (quoting <u>Smith v.</u>

<u>Borough of Wilkinsburg</u>, 147 F.3d 272, 275 (3d Cir.1998)).  Also, it is the moving party's

burden to establish plain error.  To do so, he must prove that: (1) the court erred; (2) the error

was obvious under the law at the time of review; and (3) the error affected substantial rights-the

outcome of the proceeding.  <u>United States v. Guadalupe</u>, 402 F.3d 409, 410 (3d Cir. 2005).  If all

-7-

three elements are established, the court may, but need not, exercise its discretion to award relief if the error affects the fairness, integrity or public perception of the proceedings.  Id.

After carefully reviewing the record, the Court finds that the jury was properly instructed and that there was no plain error in the interrogatories that would entitle Plaintiff to a new trial or amended judgment.  The interrogatories, as posed, fairly encompassed the law, and the Court through its instructions carefully and thoroughly explained the law on breach of contract and contract modification.  We must assume that the jury considered the Court's instructions and the questions posed in the interrogatories before reaching their conclusion.  Moreover, we find that the evidence presented at trial was certainly sufficient to support the verdict, and to support the conclusion that the parties agreed the final agreement would not include the escrow credit.  We therefore cannot say that "a miscarriage of justice would result if the verdict were to stand." Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1352 (3d Cir.1991) (vacating the grant of conditional new trial and ordering the jury verdict reinstated because it did not constitute a miscarriage of justice as it was supported by the evidence).  Thus, the waiver issue is insurmountable, Plaintiff's motions will be denied, and the verdict will not be disturbed.

    **C.**    **Whether the Verdict was Against the Weight of the Evidence**

Finally, Plaintiffs' request a new trial or JNOV, asserting the jury verdict was against the weight of the evidence because the evidence produced at trial clearly established that no negotiation or agreement to eliminate the escrow provision ever transpired.  (Pl.'s Memo. at 6, 18-20).  Defendants counter that the jury's verdict was based on overwhelming evidence that demonstrated that the parties engaged in extensive negotiations over the final amount to be paid at closing and such final amount did not include a payment for the escrow.  (Defts.' Memo at 8-

10).

The Third Circuit has held that a district court has discretion in deciding whether to grant a new trial because the verdict was against the weight of the evidence.  See Lind v. Schenley Industries, Inc., 278 F.2d 79, 89 (3d Cir.1960) (reversing order granting new trial as there were no sufficient grounds for this decision).  However, this discretion is narrow.  See Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir.1993) (discussing the continuum of discretion given the district court and reversing district court's grant of a new trial to plaintiffs).  Therefore, a new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. CONRAIL, 926 F.2d 1344, 1353 (3d Cir.1991) (vacating grant of conditional new trial and ordering the jury verdict reinstated because it did not constitute a miscarriage of justice as it was supported by the evidence).  A review of the record leads this Court to the conclusion that the Plaintiff has not met this standard.

As discussed *supra*, the Court agrees with Defendants that there was sufficient evidence produced at trial regarding negotiations that took place between the execution of the Agreement of Sale and the closing on November 28, 2001 regarding the final purchase price.  Specifically, Defendant Timochenko testified that after defects in the property were discovered following execution of the Agreement of Sale, the parties negotiated a reduction in the final amount that Defendants would pay to complete the deal.  His testimony included extensive details about the contentious negotiations that took place on the day of closing in particular, and that the deal almost fell through several times as the parties tried to agree upon the final price to be paid for the property.  While it is true that Plaintiff Dr. Bansal testified that the Escrow Credit was never

-9-

to be omitted, the jury was free to come to the opposite conclusion.  This is because the jury, as the finder of fact in this case, was free to assess the credibility of all the witnesses.  If the jury disbelieved Plaintiffs' witnesses, including Dr. Bansal, and instead believed those proffered by Defendants, including Mr. Timochenko, then the verdict was within the jury's discretion.  See Lind, 278 F.2d at 89 (noting that if there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion) (internal citations omitted).  Specifically, it was the jury's prerogative to decide that the Agreement of Sale, with the final terms regarding the escrow credit as they understood it after hearing all of the witnesses and all of the evidence, was not breached.  Accordingly, we conclude that the evidence was sufficient to support the jury's verdict and that the Defendant's post-trial Motion must be denied.

**IV.     Conclusion**

For the reasons stated above, the Court finds that (1) the Court's evidentiary and pre-trial rulings were sound, (2) any objection to the interrogatories submitted to the jury were waived, and no plain error affected Plaintiffs' substantial rights , and (3) the verdict was not against the weight of the evidence.  Accordingly, Plaintiff's post-trial motion requesting a new trial or judgment not withstanding the verdict, will be denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


HAMPDEN REAL ESTATE, Inc., et al          :          CIVIL ACTION
                                          :
                        v.                :
                                          :
METROPOLITAN MANAGEMENT GROUP    :          02-1160


## <u>ORDER</u>

AND NOW, this          day of August 2006, Plaintiffs' Motion for Post-Trial Relief

(Doc. No. 98) is DENIED.



BY THE COURT:

**/s/ Michael M. Baylson**

_____

Michael M. Baylson, J.